UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IRVING DUCHAINE,

    Petitioner,

v.    Case No. 07-C-290

DODGE CORRECTIONAL INSTITUTION,

    Respondent.

## ORDER

On March 23, 2007, Irving Duchaine filed this petition pursuant to 28 U.S.C. § 2254. He does not assert that his state court conviction and sentence were imposed in violation of the Constitution, but rather that his continued confinement at Dodge Correctional violates the Constitution. He asserts that he is essentially being confined forever because the institution has cancelled the sex education classes that the parole board has told him he must take before he can be paroled. By way of relief, he asks this court to order Dodge Correctional to reinstate the sex classes.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

Here, the petition concedes that state remedies have not been pursued. The petitioner states that "I pled guilty to the 3 counts, and I feel there is no reason to go to the state courts." Although that might be a viable explanation for petitioner's failure to appeal his conviction, it is not a reason to come to federal court in the first instance on the claim petitioner now levels. A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). In many cases the question of exhaustion is not clear from the face of the petition, but in this case the petitioner has conceded that he failed to exhaust his state court remedies. Under Rule 4, such a concession requires dismissal.

THEREFORE, IT IS ORDERED that the petition is DISMISSED without prejudice for failure to exhaust state remedies.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this __27th__ day of March, 2007.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge